**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0616-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALEXANDER LARA, a/k/a
ALEXANDER BELEN and
ALEXANDER BELEN LARA,

    Defendant-Appellant.

_____

Submitted February 22, 2021 – Decided March 9, 2021

Before Judges Fasciale and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 11-04-0912.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Maura M. Sullivan, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a July 7, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant maintains his trial, appellate, and PCR counsel rendered ineffective assistance. Judge Gwendolyn Blue entered the order under review and rendered a comprehensive oral opinion.

A jury found defendant guilty of two counts of first-degree armed-robbery, N.J.S.A. 2C:15-1(a)(1), (2) (counts five and nine); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count six); second-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(a), (d) (count seven); two counts of fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (counts eight and ten); third-degree terroristic threats, N.J.S.A. 2C:12-3(b) (count eleven); and second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2, 15-1(a)(1), (2) (count twelve). On April 12, 2013, the trial judge merged counts seven, eight, ten, and eleven. The judge sentenced defendant to an aggregate twenty-four years' incarceration subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed defendant's sentence but remanded to merge the conspiracy conviction with the robbery counts, State v. Lara, No. A-1158-13. (App. Div. Apr. 12, 2016), and the Supreme Court denied certification, State

2

v. Lara, 227 N.J. 112 (2016). In September 2016, defendant filed a petition for PCR, which Judge Blue denied without an evidentiary hearing. While his appeal was pending, defendant moved for a limited remand to consider his pro se arguments. On March 16, 2020, we granted the motion, directed that remand proceedings occur within ninety days, and retained jurisdiction. On June 12, 2020, following a hearing for the purpose of the limited remand, Judge Blue entered another order denying defendant's petition for PCR.

On appeal, defendant raises the following arguments for this court's consideration:

POINT I

AS [DEFENDANT] HAS ESTABLISHED A PRIMA FACIE [CLAIM] OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN HIS ATTORNEY FAILED TO ASK THE TRIAL COURT TO VOIR DIRE A JUROR WHO HAD LEFT DELIBERATIONS, THE PCR [JUDGE] ERRED WHEN [SHE] DENIED HIS PETITION FOR [PCR]. (Raised below).

POINT II

AS THERE WERE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, AN EVIDENTIARY HEARING WAS REQUIRED. (Raised below).

POINT III

AS THE PCR COUNSEL FAILED TO BRIEF AND THE PCR [JUDGE] FAILED TO CONSIDER POINTS I AND III RAISED IN [DEFENDANT]'S PRO SE PCR PETITION, A REMAND IS REQUIRED TO ADJUDICATE THESE TWO CLAIMS. (Not raised below).

We affirm substantially for the reasons set forth in Judge Blue's oral opinion. We add the following remarks.

When a PCR judge does not hold an evidentiary hearing, this court's standard of review is de novo as to both the factual inferences drawn by the judge from the record and the judge's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

It is well-settled that PCR proceedings are not a substitute for a direct appeal. R. 3:22-3; State v. Afanador, 151 N.J. 41, 50 (1997). "Ordinarily, PCR enables a defendant to challenge the legality of a sentence or final judgment of conviction by presenting contentions that could not have been raised on direct appeal." Afanador, 151 N.J. at 49 (citing State v. McQuaid, 147 N.J. 464, 482-83 (1997)). "PCR cannot be used to circumvent issues that could have, but were not raised on appeal, unless the circumstances fall within one of three exceptions." Id. at 50 (citing R. 3:22-4). Those exceptions are: (1) the ground not previously asserted could not have been reasonably raised in any prior proceeding; (2) enforcement of the bar, including one for ineffective assistance,

would result in a fundamental injustice; or (3) denial of relief would be contrary to a new rule of constitutional law under the United States or State of New Jersey constitutions.  R. 3:22-4(a)(1)-(3).

Pursuant to Rule 3:22-5, "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding" or "in any appeal taken from such proceedings."  "PCR will be precluded 'only if the issue is identical or substantially equivalent' to the issue already adjudicated on the merits." Afanador, 151 N.J. at 51 (quoting McQuaid, 147 N.J. at 484).

"The standard for an ineffective assistance of counsel claim is . . . the same under both the United States and New Jersey Constitutions."  State v. Gideon, 244 N.J. 538, 550 (2021).  To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987).  To satisfy the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687.  The

A-0616-18

defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Id. at 689.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the outcome." Id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58.

For those claims that are properly presented in a PCR proceeding, Rule 3:22-10 recognizes the judge's discretion to conduct an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462 (1992). A defendant is only entitled to an evidentiary hearing when he "'has presented a prima facie [claim] in support of [PCR],'" meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (quoting Preciose, 129 N.J. at 463). A defendant must "do more than make bald assertions that he was denied the effective assistance of

6

counsel" to establish a prima facie claim entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170. (App. Div. 1999).

We reject defendant's argument that his trial counsel rendered ineffective assistance. In his PCR petition, defendant claimed trial counsel was ineffective for failing to request a voir dire of the deliberating juror who exited the jury room, who "showed to be under extreme pressure by exiting," and said she could not take it anymore. Defendant raised a substantively equivalent claim on direct appeal, where he argued the trial judge erred when she responded to a Sheriff's Officer's report that one of the jurors had run out of the jury room, said "I can't take it anymore," and went back into the jury room. On that same claim, we found that the trial judge had insufficient information to mandate such an individual voir dire, and "[s]ignificantly, the [trial judge] gave each party the opportunity to request a different course of action" but "[n]either party suggested any alternative." Lara, (slip op. at 27). We concluded that there was no merit to defendant's assertion of error by trial counsel, and, further, that the trial judge did not err by failing to take a different course of action in response to the Sheriff's Officer's report. Id. at 28. Thus, as the PCR judge emphasized, defendant was doing no more than seeking "to raise this same issue disguised as

7

an ineffective assistance of counsel claim," which <u>Rule</u> 3:22-4 precludes. As such, defendant's claim is procedurally barred.

Even if defendant's claim was not barred, which is not the case, it is meritless. Defendant presented no evidence showing how the comment tainted the other jurors and submitted only a blanket statement of ineffective assistance unsupported by any affidavits or certifications. Because defendant failed to establish a prima facie claim of ineffective assistance as to this issue, the PCR judge properly denied an evidentiary hearing.

We also reject defendant's argument that, because PCR counsel failed to brief and the PCR judge failed to consider two points of his pro se petition, a remand is required to adjudicate those claims. Those claims were: that trial counsel's alleged failure to investigate a witness, Perry Craig (Craig), denied defendant his right to present evidence of third-party guilt; and that trial and appellate counsel were ineffective for failing to raise the allegedly erroneous aggravated assault elements on the verdict sheet.

Counsel has a duty to make reasonable investigations or make a reasonable decision which makes a particular investigation unnecessary. <u>Strickland</u>, 466 U.S. at 691. Additionally, when a defendant's ineffective assistance of counsel claim is based on a failure to investigate, he must assert

the facts that would have been revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant, or a person making the certification. State v. Porter, 216 N.J. 341, 353 (2013) (quoting Cummings, 321 N.J. Super. at 170).

As to defendant's claim pertaining to Craig, the PCR judge properly found that defendant made only bald assertions that trial counsel failed to investigate Craig's statement. The record makes clear that trial counsel adequately investigated Craig's statement and presented a reasonable defense at trial. The PCR judge stated that "counsel clearly sought in the cross-examination, as well as in his summation to create a reasonable doubt through the use of Craig's own testimony, while at the same time challenging the credibility of Craig's testimony." Defendant did not submit in the affidavits or certifications what the investigation would have discovered and failed to set forth any specific theory of third-party guilt. Defendant therefore failed to show how the outcome would have been different had counsel investigated further.

To the extent we have not otherwise specifically addressed any of defendant's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-0616-18